# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GERRY RANSON,**
**D.O.C. # B-114511,**

    **Plaintiff,**

vs.                                             Case No. 4:21cv392-MW-MAF

**FIRST NATIONAL BANK, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, to this Court on September 22, 2021. However, Plaintiff did not pay the filing fee as required to proceed with this case. Aware that Plaintiff had recently filed two other cases in this Court, and aware Plaintiff had "three strikes" and was not entitled to proceed with in forma pauperis status,[1] Plaintiff was required to submit $402.00 on or before **October 25, 2021**, if he wanted to proceed with this case. ECF No. 3. As of this date, Plaintiff has not complied and the filing fee has not been paid. Because Plaintiff

---

[1] Plaintiff's complaint, ECF No. 1, does not assert imminent danger and, moreover, no Defendant is physically present with Plaintiff. *See* 28 U.S.C. § 1915(g).

was warned that failure to pay the filing fee would result in a recommendation of dismissal, it is appropriate to now dismiss this case.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss an action for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912,

915 (11th Cir. 2011).  Here Plaintiff was forewarned, has not complied with a Court order to pay the fee and, thus, this case should be dismissed for failure to prosecute.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on November 3, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**